IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| WESLEY DWIGHT PICKETT,        )  |   |
|     Plaintiff,        ) | Civil Case No. 7:20-cv-00114 |
| v.        ) |   |
|     ) | By: Elizabeth K. Dillon |
| GREGORY WINSTON, *et al.*,        ) | United States District Judge |
|     Defendants.        ) |   |

**MEMORANDUM OPINION**

Plaintiff Wesley Dwight Pickett, a Virginia inmate proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983. Pickett lists as defendants Gregory Winston and the New River Valley Regional Jail Authority. Although his complaint does not identify who Gregory Winston is, the website for the New River Valley Regional Jail ("the Jail") names Winston as the Superintendent. *New River Valley Regional Jail*, http://www.nrvrj.org/ (last visited May 28, 2020).

Pickett's brief complaint lists a single claim, which is a claim that unsanitary conditions at the Jail violate his constitutional rights. Specifically, he alleges that the Jail has mold in the ceiling, ventilation, and shower and that the ceiling leaks. For relief, he requests a transfer from the facility and damages of $ 2,000 per month he has spent there. He states that he has tried to speak with unidentified maintenance workers, shift commanders, and the superintendent on multiple occasions, but nothing has been done. The court construes Pickett's complaint as alleging an Eighth Amendment violation based on living conditions. (Compl., Dkt. No. 1.)

Under 28 U.S.C. § 1915A(a), the court must conduct an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." *See also* 42 U.S.C. § 1997e(c)(1) (requiring court, in a case where a plaintiff challenges prison conditions, to dismiss the case if it is frivolous or fails to state a claim on which relief may be granted). Pleadings of self-represented litigants are accorded liberal

construction and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Liberal construction does not mean, however, that the court can ignore a clear failure in pleadings to allege facts setting forth a claim cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Applying these standards to Pickett's complaint, the court concludes that it fails to state a claim and, thus, is subject to dismissal pursuant to 28 U.S.C. § 1915A(b)(1) and 42 U.S.C. § 1997e(c)(2).

"To state a claim under § 1983[,] a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *Loftus v. Bobzien*, 848 F.3d 278, 284–85 (4th Cir. 2017) (internal quotation marks omitted). The Eighth Amendment protects prisoners from cruel and unusual living conditions. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). But "the Constitution does not mandate comfortable prisons," and conditions that are "restrictive and even harsh . . . are part of the penalty that criminal offenders pay for their offenses against society." *Id.* at 347–49.

To sustain an unconstitutional conditions claim, a prisoner must show that: (1) objectively, the deprivation was sufficiently serious, in that the challenged, official acts caused denial of "the minimal civilized measure of life's necessities"; and (2) subjectively, the defendant prison officials acted with "deliberate indifference to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citations omitted). To satisfy the first element, the prisoner must show "significant physical or emotional harm, or a grave risk of such harm," resulting from the challenged conditions. *Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995).

Pickett's complaint fails to allege facts sufficient to state an Eighth Amendment

conditions claim. Most importantly, he does not allege that he has suffered any physical or emotional harm as a result of the mold or leaks. Nor do the facts alleged suggest a substantial risk that he is at a grave risk of significant harm in the future. *See Shakka*, 71 F.3d at 166. Thus, he has not plausibly alleged the objective element of an Eighth Amendment claim.

The conditions he describes are not ideal or desirable. But the fact that the prison has some mold or leaks, without more, is insufficient to show that the conditions deprive him of the "minimal civilized measure of life's necessities." *See Farmer*, 511 U.S. at 834. Indeed, other courts, including the Fourth Circuit, have held that similar conditions did not violate the Eighth Amendment. *Shrader v. White*, 761 F.2d 975, 984 (4th Cir. 1985) (finding no Eighth Amendment violation where the ceilings sometimes leaked, there was cold water in cells, the shower heads dripped, and the shower area had mold and mildew); *Oliver v. Powell*, 250 F. Supp. 2d 593, 604 (E.D. Va. 2002) (finding prisoner failed to state an Eighth Amendment claim where he alleged that cell contained roaches, leaky toilets, and peeling paint); *Malone v. Francis*, No. CV 5:19-00146, 2019 WL 3026801, at *5 (S.D.W. Va. June 14, 2019) (dismissing Eighth Amendment claim based on a leaking window, the presence of black mold, and the lack of cold water), *report and recommendation adopted*, No. 5:19-CV-00146, 2019 WL 3021804 (S.D.W. Va. July 10, 2019); *Parker v. Neely*, No. 3:08CV224-03-MU, 2008 WL 2115167, at *2 (W.D.N.C. May 19, 2008) (finding plaintiff's complaints about a frequently-broken hot water heater, leaking roof, old windows, smelly sewer system, and exposed wire ends and nuts inside of drop ceilings did not state a significant deprivation under the Eighth Amendment); *Mase v. Henry Cty. Jail*, No. CIV.A. 7:06CV00627, 2006 WL 3091046, at *1 (W.D. Va. Oct. 27, 2006) (dismissing plaintiff's complaint where he alleged that mildew or mold was growing in the showers and "people" were "getting rashes," even assuming he were one of those people). Like

those courts, this court concludes that Pickett's allegations fail to state any constitutional deprivation actionable under § 1983.[1]

For the foregoing reasons, the court will summarily dismiss the action without prejudice under 28 U.S.C. § 1915A(b)(1) and 42 U.S.C. § 1997e(c)(2). Nothing in this opinion precludes Pickett from refiling his claims in a new and separate civil action if he can correct the deficiencies described in this opinion, assuming he has exhausted his remedies in accordance with 42 U.S.C. § 1997e, and subject to the applicable statute of limitations.

An appropriate order will be entered.

Entered: May 29, 2020.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge

---

[1] It also is unclear whether Pickett could maintain his claim against the New River Valley Regional Jail Authority, who operates the Jail. "Local governing bodies . . . can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. Dep't of Soc. Servs. of N.Y.C.*, 436 U.S. 658, 690 (1978). Thus, a governmental entity, such as a regional jail authority, is liable under § 1983 only when the entity itself is a "moving force" behind the deprivation. *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981). That is, the entity's official policy or custom must have played a part in the alleged violation of federal law. *Oklahoma City v. Tuttle*, 471 U.S. 808, 817–18 (1985).